UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  NORTHEASTERN GEAR AND         :        CHAPTER 11
MACHINE, INC.
                                      :
Debtor                                :        Bky. No.  05-11617BIF

**MOTION OF RODAKA PARTNERS, L.P. FOR
RELIEF FROM THE AUTOMATIC STAY OR FOR ADEQUATE PROTECTION
OR, IN THE ALTERNATIVE, TO COMPEL DEBTOR TO ASSUME OR REJECT
LEASE**

Rodaka Partners, L.P. ("the Movant") by its counsel, hereby requests that this court enter an order granting it relief from the automatic stay or, in the alternative, requiring the Debtor to provide the Movant with adequate protection or, in the alternative, compelling the Debtor to assume or reject the Debtor's nonresidential lease of real property, on the following grounds:

**Background**

1. The Movant is Rodaka Partners, L.P., a limited partnership.

2. The Movant is the owner of the commercial real property located at 2398 North Penn Road, Hatfield, PA ("the Subject Property").

3. This bankruptcy case was commenced on February 7, 2005, when the Debtor filed a voluntary petition under chapter 11.

4. According to the Debtor's bankruptcy schedules

    a. The Debtor owns no real estate.

    b. The Debtor owns no cash, no bank accounts, no cash equivalents and has no accounts receivable.

    c. The Debtor's only assets are certain equipment, machinery and tools with an alleged value of $138,275.

    d. The IRS holds a secured tax claim of $961,040. Citizens Bank holds a claim secured by all of the Debtor's equipment, machinery, tools, office equipment, accounts and other assets in the amount of $125,000.

5. In its Statement of Financial Affairs, the Debtor did not disclose how much income it derived from its operations in 2003 and 2004 and stated that it derived no income from operations in the year 2005 before the commencement of this case.

6. The Debtor and Citizens Bank have filed a Stipulation which, if approved by the court, will permit Citizens Bank to exercise its rights under nonbankruptcy law to take possession and sell the property which secures its claim.

**The Prepetition Default Under the Lease**

7. As of the commencement of the case, the Debtor occupied the Subject Property pursuant to a Lease dated December 18, 1996, which was amended by an addendum dated December 30, 1996 and a further amendment executed by the Debtor on July 29, 2003 (collectively "the Lease"). A true and correct copy of the Lease is attached hereto as Exhibit "A".

8. The Lease terminates June 30, 2007.

9. Prior to the commencement of this bankruptcy case, the Debtor defaulted on the Lease by failing to make full rental payments due for the months of September 2004 through February 2005    inclusive and by failing to pay various "pass through" charges required to be paid under the Lease.

10. As of the commencement of the case the total amount of the monetary default under the Lease was $501,096.92. Attached hereto as Exhibit "B" is an itemization of the monetary default.

**The Debtor's Postpetition Obligations to the Movant**

11. The Debtor has made no rental payments since the commencement of this bankruptcy case.

12. Pursuant to 11 U.S.C. 365(d)(3), the Debtor is obligated to timely perform all of its obligations under the lease from and after the order for relief until the lease is assumed or rejected.

13. The Debtor has not complied with his obligations under 11 U.S.C. §365(d)(3).

14. Due to the automatic stay provision of the Bankruptcy Code, 11 U.S.C. §362(a), the Movant is currently prohibited from exercising his rights and remedies, including his right to take possession of the property and to lease or sell the property to other parties.

15. The stay of the Movant's right to exercise its remedies decreases and impairs the value of its

interest in the Subject Property by at least a fair market rental value of the property for the duration of the stay. The adequate protection to which a lessor is entitled under 11 U.S.C. §362(d) is the performance for which it has contracted.

16. Pursuant to 11 U.S.C. §365(d)(4), the Debtor has 60 days from the order for relief, or in this case, until April 11, 2005, in which to assume or reject the Lease.

**Claims**

17. Pursuant to 11 U.S.C. §362(d)(1), the Movant is entitled to relief from the automatic stay for cause because:

    a. its interest in the property is not adequately protected;

    b. the Debtor has not complied with its obligations under 11 U.S.C. 365(d)(3);

18. The Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2) because the Debtor has no equity in the property and such property is not necessary for an effective reorganization.

19. If relief from the automatic stay is not granted, the stay should be conditioned upon the furnishing of adequate protection to the Movant in the form of immediate payment of all monthly rental installments which have fallen due under the Lease since the commencement of the case plus an additional cash payment as adequate assurance of future payment.

20. If the hearing on this Motion is held after April 11, 2005 or if the Debtor requests an extension of time in which to determine whether it wishes to assume or reject the Lease, the court should not grant any extension of the 60 day deadline for assumption or rejection set forth in 11 U.S.C. §365(d)(4) and should promptly determine any motion to assume the lease that might be filed..

WHEREFORE, the Movant requests that this court enter an order granting the Movant relief from the automatic stay to enforce its remedies under the Lease to obtain possession of the Subject Property and limiting the time in which the Debtor may assume or reject the Lease.

/s/   Eric L. Frank
Eric L. Frank
DiDonato & Winterhalter, P.C.
1818 Market Street - Ste. 3520
Philadelphia, PA 19103
Tele: (215) 564-1840
Fax:  (215) 546-5597

Attorney for Rodaka Partners, L.P.