IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Northeastern Gear and Machine, Inc. | : | Chapter 11 |
| d/b/a Custom Gear and Machine | : | |
| | : | Bankruptcy No. 05-11617BIF |
| Debtor in Possession. | : | |
| | : | |
| EIN: 23-2789098 | : | |

**DEBTOR'S COUNSEL'S FIRST AND FINAL APPLICATION FOR APPROVAL
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FEBRUARY 4, 2005 THROUGH MAY 4, 2005**

Belknap & Mayer, P.C., attorneys for Northeastern Gear and Machine, Inc. d/b/a Custom Gear and Machine, the Debtor herein, in accordance with F.R.B.P. 2016 applies under § 330 of the Code for an award of compensation and reimbursement of actual, necessary expenses and represents:

**Part A:  Preliminary Statement**

1. Applicant is counsel for the Debtor, Northeastern Gear and Machine, Inc. d/b/a Custom Gear and Machine.

2. All services rendered and expenses incurred for which compensation or reimbursement is requested were performed or incurred for or on behalf of debtor.

3. The services described in this Application are actual, necessary services and the compensation requested for those services is reasonable.

4. The expenses described in this Application are actual, necessary expenses.

**Part B: General Information**

1. Period: February 4, 2005 through May 4, 2005

    Final Application __X__        Interim Application _____

                                  <u>Requested</u>

    Fees            $ 6,592.50

    Expenses      <u>$   964.85</u>

    **Total:**         <u>**$7,557.35**</u>

2. General Information

    a. Date case filed: February 7, 2005

    b. Date application to approve employment filed: February 9, 2005

    c. Date employment approved: February 11, 2005

    d. First date services rendered in the case: February 4, 2005

    e. Compensation request is under § 330

        __X__ Yes        _____ No

    f. Any fees awarded will be paid from the estate:

        _____ Yes        __X__ No

    If no, state the source of payment of any fee that is awarded: Debtor's principal, Dudley Maher, has paid all fees to date. An initial payment of $3,839 was received on the date of filing with an additional $2,000 paid on or about March 14, 2005. It is believed and therefore alleged that the balance remaining in the amount of $1,718.35 will also come from Mr. Maher directly.

g. This application is for a period less than 120 days after the filing of the case or less than 120 days after the end of the period of the last application.

    <u>  X  </u> Yes      <u>     </u> No

If yes, state the date and terms of court order allowing filing at shortened intervals.

Order date: <u>May 4, 2005 - Order converting case to Chapter 7</u>

Terms if any: <u>                                 </u>

3. Prior Applications: 0

**First and Final Application Period:**      02/04/05 to 05/04/05

Date of Order:      to be determined

4. Attorneys' Billing for Current Period

| Name | Admitted | Hours | Billing Rate | Total |
|---|---|---|---|---|
| Patricia M. Mayer | 1997 | 29.3 | $225.00 | $6,592.50 |

5. Paralegal's Billing for Current Period

| Name | Hours | Billing Rate | Total |
|---|---|---|---|
| N/A | | | |

6. Billing Rates

a. Are any of the billing rates different than the billing rates set forth in your last application?

<u>     </u> Yes      <u>  X  </u> No

b. If yes, indicates whose billing rates are different and explain why? N/A

**Part C:   Billing Summary**

1.  Since its employment by the Debtor, Belknap & Mayer, P.C., has served as counsel for the Debtor and provided services necessary to the preservation and protection of the assets of the estate.   A complete description of the services performed by Belknap & Mayer, P.C. on a daily basis, including the amount of time devoted to such services and the professional performing the services, is set forth in Exhibit "A" which is attached hereto.   The first page of Exhibit "A" contains a list of the services performed in a condensed format.  Accordingly, copies of the actual bills for services sent to the Debtor have also been attached for clarification of those shortened entries.

2.  Applicant has not agreed to share any compensation and there is no agreement or understanding for such sharing of compensation received or to be received for services rendered in this case with any other entity.

**Part D:   Expense Summary**

1.  Belknap & Mayer, P.C. has disbursed the sum of $ 964.85, of which $839.00  has been paid by the Debtor's principal and a balance of  $125.85 is due.  These expenses were incurred as actual, necessary expenses in the performance of services on behalf of the Debtor.  The billing records which identify the individual expenditures are attached as Exhibit "B".  The first page of Exhibit "B" contains a summary of the costs incurred for which reimbursement is sought.

2.  Applicant submits that these expenses are compensable under Rule 2016(a) of the Federal Rules of Bankruptcy Procedure.  Applicant separately bills all of its clients for these items.  They are not included in the firm's overhead and there is no attempt to adjust hourly rates to recapture such expenses.

WHEREFORE, Belknap & Mayer, P.C. respectfully requests this Court enter an order approving its first and final fee application in this Chapter 11 case in the amount of $6,592.50 for professional services rendered from February 4, 2005 through May 4, 2005 and approving the reimbursement of expenses advanced by Belknap & Mayer, P.C. for that same period of time in the amount of $964.85 for a final award of compensation of $7,557.35

.

                Respectfully submitted,

                BELKNAP & MAYER, P.C.

DATED: May 6, 2005              /s/ Patricia M. Mayer
                Patricia M. Mayer, Esquire
                2222 Trenton Road
                Levittown, PA 19056
                (215) 943-9800
                Counsel for Debtor